# Schmitt's License.

*Liquor law—Retail license—Certificate of qualified electors.*

Where sixteen persons sign a certificate for a retail liquor license, the fact that four of such persons are not qualified electors within the meaning of the act, is immaterial, if it appears that the other twelve are properly qualified.

*Liquor laws—Revocation of license—Irregularity in certificate—Changing order of court.*

An application to revoke a retail liquor license on the ground of the falseness of certain statements made in the certificate signed by twelve qualified electors, is in the nature of an application to open a final order, judgment or decree regular on its face and after due hearing, and the makers of such an application must show that the facts they set up were not known to, or could not have been ascertained by, them prior to the granting and issuing of the license. Such a proceeding is entirely different from that provided by statute for the revocation of a license upon the ground that the licensee had violated a law of the commonwealth relating to the sale of liquor.

Argued Oct. 13, 1908. Appeal, No. 149, Oct. T., 1908, by Louis Wagner et al., from order of Q. S. Phila. Co., March T., 1908, No. 1,183, refusing to revoke retail liquor license In re Thomas A. Schmitt's Liquor License. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for retail liquor license.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Humbert B. Powell,* for appellants.—The court of quarter sessions of the peace of the county of Philadelphia, upon petition filed, setting forth jurisdictional facts, showing that the holder of a retail liquor license has not complied with the acts of assembly relating thereto and has committed fraud on the court, is obliged to grant a rule on the holder of the said retail liquor license, to show cause why the license should not be revoked and to grant a hearing on the return of said rule: Gross's License, 161 Pa. 344; Gemas's License, 169 Pa. 43; Thomas's License, 169 Pa. 111; McGinley's License, 32 Pa. Superior Ct. 324.

The court of quarter sessions of the peace of the county of Philadelphia, upon being duly presented with jurisdictional facts, showing that the holder of a retail liquor license has not complied with the acts of assembly relating thereto, and has

committed a fraud on the court, is obliged to revoke the said license: Forst's License, 208 Pa. 578; Faulkner's License, 2 Pa. C. C. Rep. 86; Bosch's License, 5 Pa. C. C. Rep. 315; Smith v. Wildman, 178 Pa. 245; Campbell's License, 8 Pa. Superior Ct. 524.

*Martin V. Bergen, Jr.,* for appellee.—Appellee contends that this petition is in reality a prayer for a rehearing. That it is not a petition for a revocation under sec. 7 of the Act of May 13, 1887, P. L. 108. That the granting or refusal of this petition for a rehearing by the lower court is under the same rules of judicial discretion as govern applications for a new trial. That its refusal is therefore entirely within the discretion of the lower court, from which there is no appeal to this court: McGinley's License, 32 Pa. Superior Ct. 324; Chuya's License, 20 Pa. Superior Ct. 410; Lauck's Appeal, 2 Pa. Superior Ct. 53; Alfonso's License, 11 Pa. Superior Ct. 565.

OPINION BY RICE, P. J., November 9, 1908:

The appellee's application for retail liquor license complied in form with all the requirements of the act of 1887, and after hearing, at which the appellants appeared or were represented as remonstrants, was granted. The appellants' petition for revocation of the license and vacation of the decree granting the same was presented nearly two months after the hearing, more than two weeks after the license was granted, and a week after the license fee was paid and the license was issued. One of the requirements of the statute is that there shall be annexed to a petition for retail liquor license a certificate signed by at least twelve reputable, qualified electors of the ward, borough or township in which such liquors are to be sold, setting forth that they have been acquainted with the applicant, and that they have good reason to believe that each and all the statements contained in the petition are true.

It is averred in the petition for revocation, that four of the signers of the certificate above referred to were not qualified electors, that one of the alleged signers did not in fact sign the petition, and that one of the signers did not reside at the place

of residence given by him.  We need not take time in discussing these objections, because the certificate was signed by sixteen persons, and apart from the signers to whom these objections apply there were twelve signers to whom they do not apply.

It is further averred, upon information and belief, that some of the signers, naming them, had not been acquainted with the applicant for the license at the time they signed the certificate, and were without good reason to believe that each and all of the statements contained in his petition were true, but that, on the contrary, they did not know of their own knowledge the facts set forth in the first, third, sixth, seventh and eighth paragraphs of his petition.  In connection with this averment it is stated, that at least six of the signers of the certificate "have admitted to certain of your petitioners that they were not acquainted with the said Thomas A Schmitt, but were introduced to him at the time they signed the said application or afterwards." It is worthy of notice, although our decision is not put on that ground, that none of the facts set forth in the above-mentioned paragraphs of the appellee's petition is denied.

It is sought to apply to this case the principles applicable to a proceeding under the statute for the revocation of a license upon the ground that the licensee has violated a law of the commonwealth relating to the sale of intoxicating liquors.  But a moment's reflection will show the distinction between that sort of a proceeding and a proceeding such as we have before us. The former has its warrant in a provision of the statute which makes it obligatory upon the court to revoke the license upon due proof of certain criminal misconduct of the licensee in the exercise of the special privileges conferred upon him.  But a proceeding such as that before us has its sole warrant in the common-law power of the court to change its orders, judgments or decrees during the term at which they were entered, and, under special circumstances, afterwards.  In such a case, if there be no defect in the record, a preliminary inquiry is, whether the party asking the change to be made is in a position to question the correctness of the order or decree he asks to have changed. Particular consideration should be given to this preliminary

inquiry, if the party in whose favor the order or decree was made has expended money on the faith of it. Here the petition relates to the truth of the facts averred in the certificate annexed to the appellee's application for license. That is a matter which was the subject of, or at least open to, inquiry upon the hearing in the license court before the license was granted, and presumably nothing was shown at that hearing to invalidate the certificate. Therefore, the question as presented to us upon this appeal is not whether, if the facts averred in this petition had been proved upon the hearing the court should have refused the license nor whether upon subsequent proof of those facts to the satisfaction of the court it would have had power to revoke the license, after the license fee was paid and the license was issued, but is whether, under the circumstances, the petitioners for revocation had a right to demand a rehearing in order that the truth of the facts contained in the certificate might be reinvestigated. Their petition is in the nature of an application to open a final order, judgment or decree, regular on its face, which was entered after due hearing at which the parties to the suit or proceeding had an opportunity to be heard relative to the matters of fact they allege as the ground of their application. In the absence of a statute governing the matter, such petition, even if presented before the expiration of the term, is addressed to the sound discretion of the court below, and if the well-settled rules regarding rehearings, granting new trials, and opening adverse judgments be observed, it cannot be declared that the court is guilty of an abuse of discretion in refusing the petitioners a rehearing upon those matters of fact, when it is not alleged in their petition that the facts they set up were not known to, or could not have been ascertained by, them prior to the granting and issuing of the license.

The order is affirmed.